### FRANKLIN et ux. v. LOUISIANA CENTRAL LUMBER CO. et al.
### No. 4820.

Court of Appeal of Louisiana. Second Circuit.
May 4, 1934.

J. Norman Coon, of Monroe, for appellants.

Thornton, Gist & Richey, of Alexandria, for appellees.

DREW, Judge.

Meredith Marion Franklin and his wife, on behalf of their minor son and for his use and benefit, filed suit against W. S. Camp and the Louisiana Central Lumber Company claiming total permanent disability arising out of an accident which they allege arose out of and in the course of his employment with W. S. Camp, a contractor, hauling logs for the Louisiana Central Lumber Company. They pray for compensation at the rate of $3 per week for a period of not more than 400 weeks, and for judgment against both defendants in solido.

The defense made is that the accident did not arise out of or in the course of the employment of plaintiffs' minor son. They deny that he was in the employ of W. S. Camp on the day of the accident and resulting injuries.

Due to the admissions made by defendants during the process of the trial, the case evolves itself into one question of fact, Was plaintiffs' son employed to work for W. S. Camp on the day of the accident? He had performed no work for Camp on the day of the accident, although he was riding on a log wagon owned by Camp when he fell and sustained his injuries. The lower court found that plaintiffs' son was not in the employ of either defendant on the day of the accident, and rejected plaintiffs' demands.

We have carefully studied the testimony in the record and are unable to say there is error in the judgment of the lower court. In fact, the preponderance of the testimony is in favor of the defendants, and we, as was the

lower court, are convinced that plaintiffs' son was not working, nor was he employed to work, for W. S. Camp on the day he was injured. It is not contended that he was employed by the Louisiana Central Lumber Company.

It is unnecessary for us in this opinion to review the testimony of each witness in the case, for, by doing so, we could throw no additional light on the case.

We find no error in the judgment of the lower court, and it is affirmed, with costs.